UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISON

ROBERTA MARIEN,
    Plaintiff,

vs.

CASE NO.:
3:17-cv-1370-J-20JBT

REPUBLIC BANK & TRUST CO.
d/b/a ELASTIC,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW, Plaintiff, ROBERTA MARIEN, by and through undersigned counsel, hereby sues the Defendant, REPUBLIC BANK & TRUST CO. d/b/a ELASTIC ("ELASTIC"), and in support thereof respectfully, alleges the following:

1. Plaintiff alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq.* ("TCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 *et seq.* ("FCCPA").

### INTRODUCTION

2. The TCPA was enacted to prevent companies like ELASTIC from invading American citizens' privacy and prevent abusive "robo-calls."

3. The TCPA is designed to protect individual consumers from receiving intrusive and unwanted telephone calls. *See Mims v. Arrow Fin. Servs., LLC.*, 132 S.Ct. 740, 745 (2012).

4. "Senator Hollings, the TCPA's sponsor, describes these calls as 'the scourge of modern civilization, they wake us up on in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone right out of

1

the wall." *See Mims* at 752 (*quoting* 137 Cong. Rec. 30, 821 (1991)). Senator Hollings "presumable intended to give telephone subscribers another option; telling the autodialers to simply stop calling." *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1256 (11th Cir. Ct. App. 2014).

5. According to the Federal Communications Commission (FCC), "Unwanted calls and texts are the number one complaint to the FCC. There are thousands of complaints to the FCC every month on both telemarketing and robocalls. The FCC received more than 215,000 TCPA complaints in 2014." *Fact Sheet on Consumer Protection Proposal*, FEDERAL COMMUNICATIONS COMMISSION (2016), https://www.fcc.gov/document/fact-sheet-consumer-protection-proposal (last visited Apr 26, 2017).

## JURISDICTION AND VENUE

6. Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. § 1331, Federal Question Jurisdiction, as this action involves violations of the TCPA and/or by F.S. § 47.011 and/or by 28 U.S.C. § 1332, diversity jurisdiction.

7. Subject matter jurisdiction, federal question jurisdiction, for purposes of this action is appropriate and conferred by 28 U.S.C. § 1331, which provides that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States; and this action involves violations of 47 U.S.C. § 227(b)(1)(A)(iii). *See Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 748 (2012); *and Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1249 (11th Cir. Ct. App. 2014).

8. Venue is proper in this District because the Plaintiff resides in this District (Duval County), the phone calls were received in this District and the Defendant transacts business in Duval County, Florida.

## FACTUAL ALLEGATIONS

9. Plaintiff ROBERTA MARIEN is a natural person, and citizen of the State of Florida, residing in Duval County, Florida, and resides in this District.

10. Plaintiff ROBERTA MARIEN is a "consumer" as defined in Fla. Stat. § 559.55(2).

11. Plaintiff ROBERTA MARIEN is an "alleged debtor."

12. Plaintiff ROBERTA MARIEN is a "called party." See *Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 643 (7th Cir. 2012), reh'g denied (May 25, 2012).

13. At all material times herein, Defendant is a "person" subject to Florida Statutes, Section 559.72. See Florida Statutes, Sections 559.55(5),(7); *Schauer v. General Motors Acceptance Corp.*, 819 So. 2d 809 (Fla. 4th DCA 2002).

14. The debt that is the subject matter of this complaint is a "consumer debt" as defined by Florida Statute § 559.55(1).

15. Defendant, ELASTIC, is a foreign corporation incorporated under the laws of Kentucky operating from 601 West Market Street Louisville, KY 40202, is a "creditor" as that term is defined by § 559.55(5), and conducts business in the State of Florida.

16. The conduct of Defendant which gives rise to the cause of action herein alleged occurred in this District, Duval County, Florida, by the Defendant's placing of illegal calls to Duval County, Florida and improperly attempting to collect on a debt in Duval County, Florida.

17. Defendant, at all material times, was attempting to collect on a personal bank loan entered into by Plaintiff ROBERTA MARIEN (hereinafter the "subject loan") which was issued and serviced by Defendant.

18. On June 27, 2017, Defendant, via its agent(s) called Plaintiff, attempting to collect

on the subject loan. During this first phone call, Plaintiff explained to Defendant that she was being represented by counsel for the loan, provided the counsel's information, and told the Defendant's agent to stop calling her.

19. Plaintiff received three more calls that day from Defendant, despite telling Defendant that she was represented by counsel.

20. Plaintiff MARIEN continued to receive calls, at least twelve, following the notice of representation. The most recent call being in November 2017. Plaintiff continued to explain to Defendant that she was represented for counsel in regards to the subject loan.

21. Defendant knowingly and/or willfully harassed and abused Plaintiff on numerous occasions by calling Plaintiff's cellular phone, with such frequency as can reasonably be expected to harass, all in an effort related to the collection of the subject loan.

22. Upon information and belief, some or all of the calls the Defendant made to Plaintiff's cellular telephone number were made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator (including but not limited to a predictive dialer) or an artificial or prerecorded voice; and to dial such numbers as specified by 47 U.S.C.§ 227(a)(1) (hereinafter "autodialer calls"). Plaintiff will testify that there was a pause before a live person came on the line.

23. Each of the autodialer calls the Defendant made to Plaintiff's cellular telephone numbers was done after they had revoked consent and without the "prior expressed consent" of the Plaintiff.

24. Specifically here, each of the autodialer calls was made to Plaintiff despite the clear indication that Plaintiff was represented by counsel.

25. Plaintiff ROBERTA MARIEN is the regular user and carrier of the cellular telephone number 904-891-5602, and was a called party and recipient of Defendant's autodialer calls.

26. The autodialer calls from Defendant came from multiple telephone numbers, including the number "1-866-418-8062."

27. Beginning in June 2017, Plaintiff individually told multiple representatives from Defendant that she revoked consent or otherwise wanted the calls to stop.

28. Since then, Plaintiff told numerous representatives from Defendant to stop calling her because she has an attorney, but the calls continued.

29. Despite Plaintiff instructing the Defendant to stop calling, the Defendant's autodialer calls to Plaintiff's cellular phone continued.

30. Despite actual knowledge of their wrongdoing, the Defendant continued the campaign of autodialer calls, well-beyond when Plaintiff first advised Defendant to stop calling them and when Plaintiff clearly advised that she had an attorney.

31. Defendant's corporate policy is structured as to continue to call individuals like the Plaintiff, despite the individuals, like Plaintiff, advising Defendant to stop calling.

32. Defendant's corporate policy provided no means for the Plaintiff to have her cellular number, or those of her friends or family members, removed from the call list, or otherwise permit the cessation of and/or suppression of calls to Plaintiff and her friends and family members.

33. Defendant has numerous complaints against them across the country asserting that their automatic telephone dialing system continues to call the wrong people or people who have revoked consent to be called.

34. Defendant knowingly employed methods and/or has a corporate policy designed to harass and abuse individuals, even after following Defendant's *own instructions*, and has set up their autodialer in a manner which makes it virtually impossible for the autodialer calls to stop.

35. Defendant knowingly employed methods that did not permit the cessation of or suppression of autodialer calls to Plaintiff's cellular telephone.

36. Due to Defendant's constant autodialer calls and demands for payment, despite being told that Plaintiff has representation, Plaintiff has suffered statutory and actual damages in the form of emotional distress, frustration, embarrassment, worry, anger, and/or loss of capacity to enjoy life.

## COUNT I
### (Violation of the TCPA)

37. Plaintiff ROBERTA MARIEN re-alleges and incorporates Paragraphs one (1) through thirty-six (36) above as if fully stated herein.

38. None of Defendant's autodialer calls placed to Plaintiff ROBERTA MARIEN were for "emergency purposes" as specified in 47 U.S.C. § 227(b)(1)(A).

39. Defendant violated the TCPA, with respect to all of its autodialer calls made to Plaintiff's cellular telephone number after Plaintiff revoked consent to be called and without Plaintiff's prior express consent.

40. The Defendant willfully and/or knowingly violated the TCPA, especially for each of the autodialer calls made to Plaintiff's cellular telephone after Plaintiff notified Defendant on June 27, 2017, when Plaintiff verbally withdrew, revoked, and/or terminated any alleged consent Defendant believed it had to contact him, and told Defendant to stop calling her.

41.     Defendant repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C. § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff ROBERTA MARIEN respectfully demands a trial by jury on all issues so triable and judgment against Defendant, REPUBLIC BANK & TRUST CO. d/b/a ELASTIC, for statutory damages, actual damages, treble damages, punitive damages, costs, interest, and any other such relief the court may deem just and proper.

## COUNT II
### (Violation of the FCCPA)

42.     Plaintiff ROBERTA MARIEN incorporates Paragraphs one (1) through thirty-six (36) above as if fully set forth herein.

43.     At all times relevant to this action Defendant is subject to and must abide by the law of Florida, including Florida Statute §559.72.

44.     By continuing to contact the Plaintiff, ROBERT MARIEN, multiple times after she made it clear she was being represented by counsel, the Defendant violated the Florida Consumer Collection Practices Act, specifically:

a.   "... willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family." Florida Statute §559.72(7); and

b.   "Communicate with a debtor if the person knows that the debtor is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address." Florida Statute §559.72(18).

45.     Defendant's actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Florida Statute §559.77.

WHEREFORE, Plaintiff ROBERTA MARIEN respectfully demands a trial by jury on all issues so triable and judgment against Defendant, REPUBLIC BANK & TRUST CO. d/b/a ELASTIC for statutory damages, punitive damages, actual damages, treble damages, costs, interest, and any other such relief the court may deem just and proper.

## TRIAL BY JURY

46. Plaintiff is entitled to and hereby respectfully demand a trial by jury on all issues so triable.

> **MAX HUNTER STORY, P.A.**
>
> /s/ Max Story
> Max Story, Esquire
> Florida Bar No. 0527238
> Austin J. Griffin, Esq.
> Florida Bar No. 0117740
> 328 2ND Avenue North
> Jacksonville Beach, Florida 32250
> Telephone: (904) 372-4109
> Fax: (904) 758-5333
> max@storylawgroup.com
> austin@storylawgroup.com
> Attorneys for Plaintiff